IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD C. ROBERTSON**                                              **PLAINTIFF**

**v.**                                  **CIVIL NO. 1:16cv295-HSO-JCG**

**NANCY A. BERRYHILL, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION**                                    **DEFENDANT**

**ORDER OVERRULING PLAINTIFF'S OBJECTION [14],
ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [13], DENYING PLAINTIFF'S MOTION [9]
FOR SUMMARY JUDGMENT, AFFIRMING DECISION OF
COMMISSIONER, AND DISMISSING PLAINTIFF'S COMPLAINT [1]**

This matter comes before the Court on Plaintiff Ronald C. Robertson's Objection [14] to United States Magistrate John C. Gargiulo's Report and Recommendation [13], and on Plaintiff's Motion [9] for Summary Judgment. After due consideration of the Report and Recommendation, the Motion and Objection, the submissions of the parties, the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Objection [14] should be overruled, that the Magistrate Judge's Report and Recommendation [13] should be adopted, that Plaintiff's Motion [9] for Summary Judgment should be denied, that the decision of the Commissioner should be affirmed, and that Plaintiff's Complaint [1] should be dismissed.

I.   BACKGROUND

On August 11, 2016, Plaintiff Ronald C. Robertson ("Plaintiff") filed the present Complaint [1] asserting the denial of his application for "Supplemental

Security Income disability benefits" is not supported "by substantial evidence on the entire record and fails to apply the proper legal standard."[1]  Compl. [1] at 2. Plaintiff asserts that the denial of his claim for disability benefits should be reversed or remanded for further administrative proceedings and that he should be awarded the benefits to which he is entitled.  *Id*.  On December 7, 2016, Defendant Commissioner of the Social Security Administration ("Commissioner") filed an Answer [7] specifically denying "that Plaintiff either has shown or can show that a reversal or remand is warranted under 42 U.S.C. § 405(g)," and submitted the Administrative Record [8].

On January 6, 2017, Plaintiff filed a Motion [9] for Summary Judgment, to which the Commissioner filed a Memorandum in Opposition [11] on March 7, 2017. On March 31, 2017, Plaintiff filed his Rebuttal [12].  On January 3, 2018, United States Magistrate Judge John C. Gargiulo entered his Report and Recommendation [13], recommending that the decision of the Commissioner be affirmed.  Plaintiff filed an Objection [14] to the Report and Recommendation on January 16, 2018. Plaintiff's Objection to the Report and Recommendation simply reiterates the same arguments previously asserted in his Complaint [1] and Motion [9] for Summary

---

[1]  The denial of Plaintiff's benefits was previously before the Court in Civil No. 1:14cv53-RHW.  The Court remanded Plaintiff's claim in that case to the Commissioner for futher proceedings.  *See Robertson v. Colvin*, No. 1:14cv53, 2015 WL 153574 (S.D. Miss. April 6, 2015).

2

Judgment, alleging that the ALJ's decision was not supported by "substantial evidence," Obj. [14] at 1, and positing that the Report and Recommendation should be "rejected," *id*. at 6.

II. DISCUSSION

A. Standard of Review

Generally, when a plaintiff files objections to a Magistrate's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). "Such a review means that the Court will examine the record and make an independent assessment of the law." *Magee v. Comm'r of Soc. Sec.*, No. 1:12cv188, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013).

> The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a *de novo* review is unwarranted. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Instead, the report and recommendation is reviewed by the district judge for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005); *see also Camardo v. Gen. Motors Hourly Rate Emp.'s Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate

3

> Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R."). A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting*, 995 F.2d at 40.

*Gooding v. Colvin*, No. 1:15cv20, 2016 WL 660932, at * 2 (S.D. Miss. Feb. 18, 2016) (emphasis in original); *see also Mosely v. Quarterman*, No. 3:03cv1577, 2008 WL 656887, at *2-3 (N.D. Tex. March 6, 2008).

In addition, to the extent a plaintiff does not object to portions of a magistrate judge's proposed findings of fact and recommendation, a court need not conduct a de novo review of them. 28 U.S.C. § 636(b)(1). In such cases, a court need only review the proposed findings of fact and recommendation to determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.  <u>Plaintiff's Objections [14] to the Magistrate's Report and Recommendation [13]</u>

To the extent Plaintiff did not object to portions of the Magistrate Judge's Report and Recommendation [13], the Court finds that those portions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221.

To the extent Plaintiff does object to the Report and Recommendation, the Objection advances the same arguments contained in his Motion for Summary Judgment and addressed in the Magistrate Judge's Report and Recommendation. The Objection proffers no new argument or additional legal authority to support

4

Plaintiff's position that the ALJ's decision was contrary to law or that the Magistrate Judge's analysis and conclusions were incorrect. Having nevertheless conducted a de novo review of the ALJ's Decision, Admin. R. [8] at 413-428, Plaintiff's Objection [14], the Report and Recommendation [13], the record as a whole, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [16] should be adopted as the opinion of this Court. Due to the repetitive nature of Plaintiff's Objection, the Court finds it unnecessary to make new findings of fact or to reiterate the findings and conclusions of the Magistrate Judge. *Warren*, 230 F.3d at 694-95; *see also Koetting*, 995 F.2d at 40.

III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent de novo review of the record and those matters raised in Plaintiff Ronald C. Robertson's Objection. For the reasons set forth above, the Court concludes that Plaintiff's Objection [14] should be overruled. The Court further concludes that the Magistrate's Report and Recommendation [13] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Ronald C. Robertson's Objection [14] is **OVERRULED,** and that the Magistrate Judge's Report and Recommendation [13], entered in this case on January 3, 2018, is

**ADOPTED** as the finding of this Court. The Commissioner's Decision is **AFFIRMED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Ronald C. Robertson's Motion [9] for Summary Judgment is **DENIED**, and Plaintiff's Complaint [1] is **DISMISSED WITH PREJUDICE.** A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 15th day of March, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE